IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN ROE,                                §
                                         §
          Plaintiff,                     §
                                         §
V.                                       §          No. 3:18-cv-2497-B-BN
                                         §
JOHNSON COUNTY, TEXAS, ET AL.,           §
                                         §
          Defendants.                    §

### ORDER SETTING BRIEFING SCHEDULE

This civil rights action filed by a *pro se* plaintiff has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 8.

While multiple motions to dismiss are pending, *see* Dkt. Nos. 61, 74, 76, 77, 79, 81, 96, and 99, Plaintiff John Roe moves the Court to compel the defendants to participate in a Federal Rule of Civil Procedure 26(f) scheduling conference, *see* Dkt. No. 109.

As Roe points out, the Court has previously observed that

> "no federal rule, statute, or binding case law applies here to *automatically* stay discovery pending a ruling on" defendants' motions to dismiss. *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014). "In fact, such a stay is the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008). "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Id.* (internal quotation marks omitted).

*Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017) (emphasis added); *see also Stanissis v. Dyncorp Int'l LLC*, No. 3:14-cv-2736-D, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014) ("The Court has broad discretion and inherent power to stay discovery while a motion to dismiss is pending," but "[s]uch a stay is not [ ] automatically granted whenever a motion to dismiss is pending."(citations and internal quotation marks omitted)); *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 57 (D.D.C. 2015) ("Plaintiff is correct that courts often permit discovery while motions to dismiss and other threshold motions are pending. But it is equally true that courts, including this Court, have often stayed discovery 'while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.'" (quoting *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004); internal quotation marks omitted)).

While the pendency of a motion to dismiss does not automatically stay discovery, "[t]he Court does have discretion to stay discovery 'for good cause shown.'" *Escareno*, 2014 WL 1976867, at *2 (quoting FED. R. CIV. P. 26(c)(1); citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)). And, to the extent that some defendants have asserted the defense of qualified immunity as a reason to dismiss Roe's claims, "qualified immunity as a basis for staying discovery certainly satisfies the good cause requirement." *Notariano v. Tangipahoa Parish Sch. Bd.*, No. 16-17832, 2018 WL 3844882, at *3 (E.D. La. Aug. 13, 2018); *see generally Waller v. City of Fort Worth*, No. 4:15-cv-670-Y, 2015 WL 5836041 (N.D. Tex. Oct. 2, 2015).

But, where a defendant has asserted a qualified immunity defense, the Court can, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified immunity defense. *See Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994 (5th Cir. 1995). And, on a proper request, the Court may authorize a plaintiff to conduct limited discovery in order to respond to the qualified immunity issues raised. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."); *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) ("[A] district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue." (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987))).

Given these standards, the Court ORDERS Defendants – preferably in a joint filing – to file a written response to Roe's motion to compel by **April 26, 2019**.

Roe may file a reply brief, but no additional documents, by **May 13, 2019**.

SO ORDERED.

DATED: March 27, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE