UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JOHN ROE, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2497-B-BN |
| | § | |
| JOHNSON COUNTY, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants filed eight motions to dismiss Plaintiff's amended complaint [Dkt. No. 50] under Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. Nos. 61, 74, 76, 77, 78, 79, 89, 81, 96, 97, 99, & 107. One defendant's motion also incorporates a motion to strike under Federal Rule of Civil Procedure 12(f). *See* Dkt. No. 81 at 6-8.

After extensive briefing, United States Magistrate Judge David L. Horan entered findings of fact and conclusions of law [Dkt. No. 152] recommending that the motions to dismiss be granted

> without prejudice to Plaintiff's filing, within a reasonable time that the Court sets, one final amended complaint that cures all deficiencies noted in these findings, conclusions, and recommendation. If Plaintiff elects to file a second amended complaint, the Court should require that, when he files that complaint, he also file a separate motion for leave to continue to proceed anonymously that demonstrates a privacy interest that outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings. And the Court should deny Defendant Roden's motion to strike under Rule 12(f).

*Id.* at 48.

Plaintiff timely objected on two grounds. *See* Dkt. No. 153. He first argues that Judge Horan got it wrong as to when Plaintiff's false imprisonment claim accrued. *See id.* at 7-14. And he further contends that Judge Horan failed to specifically address each of Plaintiff's novel theories concerning

delayed accrual or tolling, theories that Plaintiff first put forward through responses to the motions to dismiss. *See id.* at 14-28.

As to the first objection, Plaintiff "concedes" that the Supreme Court precedent cited by Judge Horan "is dispositive of [Plaintiff's] claim for false imprisonment," but he then argues that the findings, conclusions, and recommendation "misconstrued" that precedent. Dkt. No. 153 at 8. The District Court has reviewed Plaintiff's arguments and finds them unpersuasive. The first objection is therefore **OVERRULED**.

Regarding the second objection, given the number of pending motions and the exhaustive briefing, Judge Horan did not go into exacting detail as to each of Plaintiff's separate theories. But there also was no need to.

First, Plaintiff attempted to show that these theories apply to his claims through his responses to the motions to dismiss. As Judge Horan correctly pointed out, those responses are not pleadings and therefore do not amend Plaintiff's claims. Factually-plausible allegations – made through a complaint – are necessary to support any legal argument to delay the accrual of a cause of action or show that the limitations period should be tolled. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015); *Moon v. City of El Paso*, 906 F.3d 352, 358-59 (5th Cir. 2018).

Further, Judge Horan exhaustively surveyed the legal standards applicable to accrual and tolling. *See* Dkt. No. 152 at 11-18. And the findings, conclusions, and recommendation correctly points out that the applicable landscape may not be as broad as Plaintiff desires. *See id.* at 20. But, if Plaintiff still believes there are other theories of delayed accrual or tolling not discussed in the findings, conclusions, and recommendation – and that these theories are properly supported by controlling case law – he should present those theories to the Court through the facts to be alleged

in any second amended complaint he elects to file. Accordingly, this objection is also **OVERRULED**.

In sum, the District Court, having reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and having reviewed the remaining proposed findings, conclusions, and recommendation for plain error, and finding none, **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 152].

The Court therefore **GRANTS** Defendants' motions to dismiss the amended complaint under Rule 12(b)(6) [Dkt. Nos. 61, 74, 76, 77, 79, 81, 96, & 99] without prejudice to Plaintiff's filing, within **14 days** from entry of this order, one final amended complaint that cures all deficiencies noted in the findings, conclusions, and recommendation.

If Plaintiff elects to file a second amended complaint, he must file simultaneously with that complaint a separate motion for leave to continue to proceed anonymously that demonstrates a privacy interest that outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings.

The Court further **DENIES** Defendant Roden's motion to strike under Rule 12(f). *See* Dkt. No. 81 at 6-8].

SO ORDERED.

DATED: AUGUST 22, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE