IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ROE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2497-B-BN |
| | § | |
| JOHNSON COUNTY, TEXAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

A plaintiff who identifies by the pseudonym John Roe, a former immigration and state jail detainee, then proceeding *pro se*, brought, through a first amended complaint [Dkt. No. 50], 70 separate claims, mostly for alleged civil rights violations, against various entities and individuals. United States District Judge Jane J. Boyle then referred his case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 8. And the Court dismissed the first amended complaint without prejudice on August 22, 2019. *See Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2019 WL 5031357 (N.D. Tex. July 29, 2019) (*Roe I*), *rec. accepted*, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019) (*Roe II*).

Plaintiff filed a second amended complaint *pro se*, asserting 40 separate causes of action. *See* Dkt. No. 156. And, although counsel then appeared on behalf of Plaintiff, *see* Dkt. No. 159, Plaintiff elected not to seek leave to file a third amended complaint with the assistance of counsel, *see* Dkt. Nos. 160 & 163.

A few months back, the Court granted multiple motions by numerous defendants directed toward the second amended complaint, dismissing all of Plaintiff's claims against those defendants except for a Fourth Amendment claim (or related constitutional claims) against Defendant David Blankenship concerning the alleged seizure of Plaintiff without probable cause. *See Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2020 WL 6576784 (N.D. Tex. July 31, 2020) (*Roe III*), *rec. accepted in part*, 2020 WL 5542333 (N.D. Tex. Aug. Sept. 15, 2020) (*Roe IV*); *see also Roe IV*, 2020 WL 5542333, at *4 (finding that, "although Plaintiff has failed to concisely plead his allegations in this case, the second amended complaint does seem to contain a plausible Fourth Amendment claim against Defendant Blankenship based on a theory of malicious prosecution, which would have 'accrued when [Plaintiff's] criminal proceedings ended in his favor' and would therefore be timely" (quoting *Winfrey v. Rogers*, 901 F.3d 483, 493 (5th Cir. 2018))).

And, most recently, the United States Court of Appeals for the Fifth Circuit reached a similar conclusion in a parallel case that Plaintiff filed in this district under the Federal Tort Claims Act, affirming the dismissal by another judge of this Court of all of Plaintiff's claims except for his malicious prosecution claim and related claim of conspiracy, finding that the malicious prosecution claim accrued on the date that Plaintiff was found not guilty on a false-report charge. *See Roe v. United States*, ___ F. App'x ____, No. 20-10329, 2020 WL 7134140 (5th Cir. Dec. 4, 2020) (per curiam) (*Roe V*).

With the benefit of this background, the undersigned now considers the motion

to dismiss the second amended complaint filed by Defendant Rodney Cooper [Dkt. No. 236], a defendant who was not named in the first amended complaint and whose motion to dismiss was not ripe when the Court took up his co-defendants' motions. Plaintiff responded to Cooper's motion to dismiss. *See* Dkt. No. 247. And Cooper filed a reply brief. *See* Dkt. No. 259.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below and by the Court in *Roe I*, *Roe II*, *Roe III*, and *Roe IV* and by the Fifth Circuit in *Roe V*, the Court should grant Cooper's motion insofar as the Court should dismiss the claims against him with prejudice as time barred.

## Applicable Background

The Court and the parties are well acquainted with the full background of this case. While it need not be repeated here, for purposes of Cooper's motion, Plaintiff's claims against him all relate to his Fall 2015 incarceration at the Johnson County jail and are not related to allegations of malicious prosecution. *See* Dkt. No. 156, Counts V, VI, VII, VIII, & XI.

As to the applicable events that occurred in Fall 2015, the Fifth Circuit summarized most recently that,

> in November 2015, Roe, a citizen of Haiti, was taken into federal immigration custody and detained in the Johnson County Corrections Center ("JCCC") in Cleburne, Texas, where immigration detainees are held pursuant to a contract between the federal government and Johnson County. Roe, who had suffered seizures in the past, had a seizure while at the jail and was taken to a local hospital. On November 22, while hospitalized, Roe was sexually assaulted by a guard employed by a Johnson County subcontractor assigned to guard him.

Upon return to JCCC on November 24, Roe reported the assault to jail officials and also called his wife and told her to report the assault to the Department of Homeland Security's ("DHS's") sexual assault hotline. Roe's wife filed a complaint with DHS on or about December 1, 2015. Two DHS agents interviewed Roe about his sexual assault report on December 2, 2015. Johnson County conducted its own investigation, including a polygraph test, that ended in Roe's arrest on December 2 on state charges of making a false report to a police officer. Roe was subjected to degrading treatment and disciplinary sanctions by Johnson County officials in the aftermath of his sexual assault and arrest.

Roe was booked into the criminal section of the JCCC upon his arrest. He was moved back to the civil immigration detainee section on December 12, 2015, after his wife posted bail, and was transferred that same day to the South Texas ICE Processing Center in Pearsall, Texas. On January 20, 2016, Roe was released from ICE custod.…

*Roe V*, 2020 WL 7134140, at *1; *accord Roe I*, 2019 WL 5031357, at *2.

## Legal Standards and Analysis

Under Federal Rule of Civil Procedure 12(b)(6), Cooper moves to dismiss the claims against him for various reasons, first asserting under Rule 12(b)(6) that all claims should be dismissed as time barred. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003))).

Consistent with the Court's previous rulings, the claims against Cooper accrued in Fall 2015, and the Court has already rejected Plaintiff's various arguments to support delaying the accrual of those claims or to show why equitable tolling applies. *See Roe I*, 2019 WL 5031357, at *5-*10; *Roe II*, 2019 WL 3980737, at *1; *Roe III*, 2020 WL 6576784, at *3-*10; *Roe IV*, 2020 WL 5542333, at *5.

For example, in overruling Plaintiff's objections to the recommended dismissal

of Count V, Judge Boyle observed that

> Plaintiff next objects to Judge Horan's analysis concerning the accrual
> of his deliberate indifference claim against Defendants Matson and
> Blankenship [Count 5]. This claim is based on how these defendants
> treated or responded to Plaintiff after he reported sexual assault
> allegations in 2015. And Plaintiff contends that equitable tolling applies
> because it was not until his trial in 2018 that he learned facts that he
> believes support this claim. For example, Plaintiff contends that
> Blankenship told him in 2015 that Defendant Roden neither worked nor
> possessed a duty pistol on the day of the alleged assault, while Roden
> testified in 2018 that he did work and was armed on the day Plaintiff
> reports he was sexually assaulted. But Plaintiff's contentions do not
> support equitable tolling – even if Plaintiff had acted diligently, "the
> second prong of the equitable tolling test is met only where the
> circumstances that caused a litigant's delay are both extraordinary and
> beyond its control." *Menominee Indian Tribe of Wis. v. United States*,
> 136 S. Ct. 750, 756 (2016); *see, e.g.*, *Farmer v. D&O Contractors*, 640 F.
> App'x 302, 307 (5th Cir. 2016) (per curiam) (Because "the FBI did not
> actually prevent Farmer or any other Plaintiff from filing suit" but
> instead "advised Farmer that filing suit would have been against the
> FBI's interest" and "that the RICO claims could be filed after the
> investigation concluded," "[a]ny obstacle to suit was ... the product of
> Farmer's mistaken reliance on the FBI, and a party's mistaken belief is
> not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136
> S. Ct. at 756-57)).

*Roe IV*, 2020 WL 5542333, at *5

The Fifth Circuit similarly found Plaintiff's claims against federal agents

based on the 2015 events not related to claims of malicious prosecution to not be

timely:

> Upon careful review of Roe's third amended complaint, we conclude that
> the district court did not abuse its discretion in denying Roe equitable
> tolling as to these claims. Roe did not plead any facts that suggested
> fraudulent concealment of material facts by the Government related to
> the existence of his causes of action contained in counts 1-5 and 13.
> Rather, Roe was aware that he had a potential cause of action for
> negligence at the time of the sexual assault. Nor did Roe plead facts that
> the Government had misled him about his potential cause of action. In
> response to his inquiries, DHS merely told him that its investigation
> was ongoing. These responses did not prevent Roe from asserting his

rights or create any obstacle to filing suit.

*Roe V*, 2020 WL 7134140, at *5 (citing *Farmer*, 640 F. App'x at 306-07).

Plaintiff has alleged no plausible facts particular to Cooper to support equitable tolling as to the 2015-based claims asserted against him [Counts V, VI, VII, VIII, & XI].

And the undersigned has already recommended that these claims (as asserted against other defendants) be dismissed as untimely "for the reasons fully explained in *Roe I*, *see* 2019 WL 5031357, at *5-*10," as supplemented in *Roe III*, 2020 WL 6576784, at *3-*10. *Roe III*, 2020 WL 6576784, at *10 (finding that "the Court should dismiss the following claims (asserted under Section 1983 and *Bivens*) in full as time barred and with prejudice: Counts I, II, III, IV, V, VI, VII, VIII, X, XI, and XV" (emphasis added)).

As applicable to Cooper, Plaintiff did not object to the undersigned's recommendation as to Counts VI, VII, VIII, and XI. As explained above, Judge Boyle overruled Plaintiff's objections as to the dismissal of Count V. And, because Plaintiff alleges no plausible facts unique to Cooper as to these counts, the Court should also dismiss the claims against Cooper as time barred.

## Recommendation

The Court should grant Defendant Rodney Cooper's motion to dismiss [Dkt. No. 236] to the extent that the Court should dismiss the claims against Cooper with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 15, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE