IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN ROE, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:18-cv-2497-B-BN |
| § | |
| JOHNSON COUNTY, TEXAS, ET AL., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

This case, which remains referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle, *see* Dkt. No. 8, has been narrowed down to one defendant and one theory of liability, *see Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2020 WL 5542333, at *4 (N.D. Tex. Aug. Sept. 15, 2020) (finding that, "although Plaintiff has failed to concisely plead his allegations in this case, the second amended complaint does seem to contain a plausible Fourth Amendment claim against Defendant [David] Blankenship based on a theory of malicious prosecution, which would have 'accrued when [Plaintiff's] criminal proceedings ended in his favor' and would therefore be timely" (quoting *Winfrey v. Rogers*, 901 F.3d 483, 493 (5th Cir. 2018))); *see also id.* at *4-*5 (given the lack of concise pleading, also allowing to proceed all "claims as made against Blankenship [that] are different expressions of the Fourth Amendment claim proceeding under a theory of malicious prosecution ***and*** are based on the Fourth Amendment or some other explicit textual source in the Constitution").

Blankenship has answered the second amended complaint [Dkt. No. 276] (the SAC) and asserted as an affirmative defense "his entitlement to qualified/official immunity for the allegations made the basis of the [SAC]," *id.* at 23. He then filed a court-ordered motion for summary judgment on the nominally affirmative defense of qualified immunity, *see* Dkt. Nos. 278, 279, 280, & 281.

In response to the Court's December 1, 2020 order [Dkt. No. 282], Plaintiff moved for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in the summary judgment motion, *see* Dkt. No. 284. Blankenship responded. *See* Dkt. No. 286. And the Court DENIES the motion for leave for the following reasons.

As the Court set out in the December 1 order,

> [a]ny motion for leave must include: (1) the specific interrogatories, if any, that Plaintiff wants to send to Blankenship; (2) a list of the specific documents or specific categories of documents, if any, that Plaintiff wants to obtain from Blankenship; and, most importantly, (3) an explanation of why this discovery is necessary to enable Plaintiff to respond to the specific qualified immunity issues raised in the motion for summary judgment.

Dkt. No. 282 at 2.

The Court imposed these requirements to provide a framework to evaluate each proposed discovery request to determine whether a particular request is "narrowly tailored to uncover only those facts needed for the Court to rule on the qualified immunity defense," because discovery should "only be permitted if Blankenship's immunity defense turns at least partially on a factual question and the Court is unable to rule on the immunity defense without further clarification of

the facts." *Id.* at 2-3 (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 506-07 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (per curiam) ("If the complaint alleges facts sufficient to overcome the defense of qualified immunity, and the district court is 'unable to rule on the immunity defense without further clarification of the facts,' then it may allow discovery 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting, in turn, *Lion Boulos*, 834 F.2d at 507-08))); *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) ("[A] district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue." (quoting *Lion Boulos*, 834 F.2d at 507))).

Citing Federal Rule of Civil Procedure 56(d) – but not the United States Court of Appeals for the Fifth Circuit's "established [ ] careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense," *Backe*, 691 F.3d at 648 – Plaintiff has proposed 29-numbered interrogatories and 23-numbered requests for production, *see* Dkt. No. 284. And, as Blankenship explains in detail, *see* Dkt. No. 285, these requests are overly broad for purposes of the qualified immunity analysis here.

But Plaintiff's motion for leave also fails to specifically "identify any questions of fact [that the Court] need[s] to resolve before it would be able to determine whether [Blankenship is] entitled to qualified immunity." *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) (citations and footnote omitted); *cf. Zanitz v. Seal*, 602 F. App'x 154,

163 (5th Cir. 2015) (per curiam) ("Even a 'limited discovery' order does not satisfy the second step if 'the district court [does] not identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to immunity.'" (citation omitted)).

The need to identify questions of fact that must be resolved is not just triggered by the first prong of the qualified immunity analysis, under which the Court must simply decide "whether the plaintiff has alleged a violation of a constitutional right," *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008), but also by its second prong. Under this prong, the Court must decide "whether [Blankenship's] actions violated clearly established statutory or constitutional rights of which a reasonable person would have known," *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004), an inquiry that "must be undertaken in light of the specific context of the case, not as a broad general proposition," *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198-99 (2004) (quoting, in turn, *Saucier v. Katz*, 533 U.S. 194, 201 (2001)); internal quotation marks omitted).

"Such specificity is especially important in the Fourth Amendment context, where the [United States Supreme] Court has recognized that '[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine … will apply to the factual situation the officer confronts.'" *Id.* (quoting *Saucier*, 533 U.S. at 205). For example, where a Fourth Amendment violation is based on allegedly excessive force

> [p]recedent involving similar facts can help move a case beyond the otherwise "hazy border between excessive and acceptable force" and thereby provide an officer notice that a specific use of force is unlawful.

> "Of course, general statements of the law are not inherently incapable of giving fair and clear warning to officers." But the general rules set forth in "*[Tennessee v. Garner*, 471 U.S. 1 (1985),] and *Graham[ v. Connor*, 490 U.S. 386 (1989)] do not by themselves create clearly established law outside an 'obvious case.'" Where constitutional guidelines seem inapplicable or too remote, it does not suffice for a court simply to state that an officer may not use unreasonable and excessive force, deny qualified immunity, and then remit the case for a trial on the question of reasonableness. An officer "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." That is a necessary part of the qualified-immunity standard.

*Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (per curiam) (citations omitted); *see also Brown v. Tarrant Cnty., Tex.*, ___ F.3d ___, No. 19-10549, 2021 WL 150427, at *4 (5th Cir. Jan. 18, 2021) ("The precise question we must answer is 'whether a reasonable officer could have believed his conduct to be lawful, in light of clearly established law and the information the officer possessed.' 'We must frame the clearly established law question with specificity and granularity,' for 'the dispositive question is whether the violative nature of particular conduct is clearly established.' The plaintiff must identify controlling precedent that makes the unlawfulness of the officer's conduct sufficiently clear that a reasonable officer would have understood his conduct violated that right." (quoting *Keller v. Fleming*, 952 F.3d 216, 225 (5th Cir. 2020), then *Morrow v. Meachum*, 917 F.3d 870, 874-75 (5th Cir. 2019); brackets and citation omitted)).

Here, prior to Plaintiff's moving for leave, Blankenship's motion notified Plaintiff of these principles and that, at least alternatively, Blankenship was moving for summary judgment on qualified immunity based solely on the clearly-established

prong:

> It was established long before the events at issue in the present lawsuit that there is a right to be free from arrest without probable cause. However, that general proposition does not inform the specific circumstances facing Blankenship at the time he made his probable cause decision. To that end, there was no binding caselaw in December of 2015 that would establish that a similarly situated officer violated a constitutional right acting under similar circumstances as those which Blankenship was confronted. To the contrary, inconsistent statements from a suspect – confirmed by a polygraph indicating deception – coupled with confirmatory extrinsic evidence and witnesses that suggest the suspect was not being truthful, supplies more than adequate probable cause. Because Plaintiff cannot prove that every reasonable officer like Blankenship would have understood his actions violated the law, Blankenship is entitled to qualified immunity. Summary judgment is, therefore, proper for Blankenship as a matter of law.

Dkt. No. 280 at 26 (citation omitted).

Yet, Plaintiff skips over the clearly-established prong in requesting discovery specific to the context of this case and fails to "point[] ... to any case that shows, in light of the specific context of this case, that [Blankenship's] conduct violated clearly established law." *Bustillos v. El Paso Cnty. Hosp. Dist.*, 891 F.3d 214, 222 (5th Cir. 2018). So Plaintiff's proposed discovery requests not only trawl too broadly, attempting to obtain information to support any Fourth Amendment violation based on a lack of probable cause, his failure to identify any authority specific to the context of this case that could show that Blankenship violated clearly established law is fatal to his obtaining discovery that the Court needs to rule on the immunity claim.

## Conclusion

The Court DENIES Plaintiff's motion for leave [Dkt. No. 284]. And the Court ORDERS Plaintiff to file a written response to the qualified immunity issues raised

in the motion for summary judgment by **February 19, 2021**.

The response must be accompanied by or incorporate a brief, and the response and the brief shall not together exceed 30 pages in length, excluding any table of contents and table of authorities. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). The responding party's brief shall discuss whether the responding party agrees with the moving party's identification of the live pleadings for each party who has appeared in the action and, if not, why not. Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The responding party must bracket in the margin of each document in the appendix the portions of the document on which the respondent relies, and, when citing materials in the record, the responding party must support each assertion by citing each relevant page of its own or another party's appendix. The appendix shall be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6(b). Additionally, except to the extent any requirement is modified herein, the response and brief must comply with the requirements of Local Civil Rules 56.4(a)-(c), 56.5(a), 56.5(c), and 56.6(a)-(b).

A motion for continuance made under Federal Rule of Civil Procedure 56(d) must be filed separately and may not be included in the response to the motion for summary judgment, brief in support thereof, or any other document. Such a motion – which essentially would be a repeat of the motion for leave denied by this order –

must also comply with the Fifth Circuit's "careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe*, 691 F.3d at 648; *see, e.g.*, Dkt. No. 282.

Blankenship may file a reply brief, but no additional evidence, by **March 8, 2021**. The reply shall not exceed 15 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). No supplemental pleadings, briefs, or summary judgment evidence or other documents may be filed in connection with the motion for summary judgment or response thereto without leave of court. *See* N.D. TEX. L. CIV. R. 56.7.

SO ORDERED.

DATED: January 20, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE