UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ROE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2497-B-BN |
| | § | |
| JOHNSON COUNTY, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On January 20, 2021, United States Magistrate Judge David L. Horan, to whom this case remains referred for pretrial management, denied Plaintiff's motion for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in Defendant David Blankenship's summary judgment motion. *See* Dkt. No. 287.

Plaintiff now objects to Judge Horan's nondispositive discovery order under Federal Rule of Civil Procedure 72(a), further requesting that the Court grant him leave to file objections exceeding 25 pages and that the Court stay the deadline imposed by the January 20 order for Plaintiff to respond to the summary judgment motion. *See* Dkt. No. 288.

Rule 72(a) provides, in applicable part, that "[t]he district judge ... must ... modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." *Id.* "When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, No. 3:02-cv-1992-D, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003); *see also Stanissis v. Dyncorp Int'l, LLC*, Nos. 3:14-cv-2736-D & 3:15-cv-2026-D, 2015 WL 5603722, at *1 (N.D. Tex. Sept. 23, 2015) (setting

out the applicable standards of review under Rule 72(a)).

Qualified immunity is as an immunity not just from liability but from suit. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" (citation omitted)); *cf. Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (a discovery order that denies the defendant "the benefits of the qualified immunity defense" vests the Court of Appeals "with the requisite jurisdiction to review the discovery order" (footnote omitted)).

And, when the defense is asserted, at least at the pleadings stage, "the plaintiff bears the burden of pleading facts that demonstrate liability and defeat immunity." *Shaw v. Villanueva*, 918 F.3d 414, 416-17 (5th Cir. 2019) (citing *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc)). This unique burden—to defeat immunity—continues at summary judgment, where "[a] good-faith qualified immunity defense alters the usual summary judgment burden of proof," such that, although the evidence remains viewed "in the light most favorable to the nonmoving party, the plaintiff bears the burden of demonstrating that a defendant is not entitled to qualified immunity." *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019) (per curiam) (citation omitted).

A plaintiff must demonstrate that a defendant is not entitled to qualified immunity by establishing two prongs—one factual, "whether the facts, taken in the light most favorable to the plaintiff, show the officer's conduct violated a federal constitutional or statutory right," *Luna v. Mullenix*, 773 F.3d 712, 718 (5th Cir. 2014) (citations omitted), *reversed on other grounds*, 577 U.S. 7 (2015) (per curiam)—and one legal, "whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident," *Charles v. Grief*, 522 F.3d 508, 511

(5th Cir. 2008).

Before considering a summary judgment motion, discovery may be necessary to rule on the first prong, but no discovery is necessary to rule on the second. And courts can—and often do—decide that a defendant is entitled to qualified immunity on the second prong alone. *See, e.g.*, *Arizmendi v. Gabbert*, 919 F.3d 891, 904 (5th Cir. 2019) ("Knowing or reckless false statements in a warrant affidavit are not to be condoned. But Arizmendi has not persuaded us that Gabbert's actions were then illicit by clearly established law."); *Okorie v. Crawford*, 921 F.3d 430, 439-40 (5th Cir. 2019) ("Going forward, [this conduct] will [generally] be unlawful.... But looking backward, the law in this undeveloped area was not clear enough" at that time.).

So, to put it plainly, even if the plaintiff can establish a constitutional violation, if he cannot carry his burden as to the clearly-established prong, game over. The Court will dismiss the plaintiff's action on qualified immunity grounds.

Against this background, the Court considers Plaintiff's objections.

Plaintiff is correct that *Zapata* articulates the steps a district court must take in an order *authorizing* limited qualified immunity discovery—to avoid entering an order that would deny the defendant the benefits of the defense. The first step of this procedure requires the Court to find that the complaint alleges facts sufficient to overcome qualified immunity. At the second step, the Court must "identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to qualified immunity." *Zapata*, 750 F.3d at 485; *see also Zanitz v. Seal*, 602 F. App'x 154, 163 (5th Cir. 2015) (per curiam) ("Even a 'limited discovery' order does not satisfy the second step if 'the district court [does] not identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to immunity.'" (citation

omitted)). And the third step requires an examination of the specific discovery requests.

But, here, Judge Horan was not required to walk through these steps in his order *denying* Plaintiff's motion for leave because Plaintiff failed to carry the burden the Court imposed on him.

As Judge Horan first explained in his December 1, 2020 order inviting Plaintiff to move for leave,

> [a]ny motion for leave must include: (1) the specific interrogatories, if any, that Plaintiff wants to send to Blankenship; (2) a list of the specific documents or specific categories of documents, if any, that Plaintiff wants to obtain from Blankenship; and, most importantly, (3) an explanation of why this discovery is necessary to enable Plaintiff to respond to the specific qualified immunity issues raised in the motion for summary judgment.

Dkt. No. 282 at 2.

Plaintiff's motion for leave did not follow these requirements by sufficiently explaining why the voluminous discovery he has requested—29-numbered interrogatories and 23-numbered requests for production, *see* Dkt. No. 284—is needed to establish that Blankenship is not entitled to qualified immunity. As Judge Horan correctly observed, Blankenship has moved, at least in the alternative, solely as to the clearly-established prong.

And, given controlling precedent on this prong from the Supreme Court and the Fifth Circuit, Plaintiff's burden in this regard is substantial considering the unique facts of this case. *See, e.g.*, *Brown v. Tarrant Cnty., Tex.*, ___ F.3d ____, No. 19-10549, 2021 WL 150427, at *4 (5th Cir. Jan. 18, 2021) (Under the clearly-established prong, "'the dispositive question is whether the violative nature of *particular* conduct is clearly established.' [So, t]he plaintiff must identify controlling precedent that makes the unlawfulness of the officer's conduct sufficiently clear that a reasonable officer would have understood his conduct violated that right." (quoting *Morrow v.*

*Meachum*, 917 F.3d 870, 874-75 (5th Cir. 2019); citing *Keller v. Fleming*, 952 F.3d 216, 225 (5th Cir. 2020))).

So, until Plaintiff responds to the motion for summary judgment, to address the clearly-established prong, the Court will not enter an order that—given the obvious breadth of the discovery that Plaintiff seeks—would deny Blankenship the benefits of the qualified immunity defense. For example, the second *Zapata* step requires the district court to identify the questions of facts that the Court must resolve "before it would be able to determine whether" Blankenship is "entitled to qualified immunity." 750 F.3d at 485. But, absent controlling authority to support the second prong of qualified immunity, the Court has before it no questions of fact that it must resolve. It may—indeed, it must—determine that Blankenship is entitled to immunity because Plaintiff has failed to show that he is not.

Further, as Judge Horan explained in his January 20 order, Plaintiff may still file a motion under Federal Rule of Civil Procedure 56(d). But that motion in the context of the motion for summary judgment on qualified immunity would need to not only include requests more narrowly tailored than Plaintiff's previous requests but also would need to cite controlling authority in place at the time of the incidents underling Plaintiff's claims that makes the unlawfulness of Blankenship's alleged conduct sufficiently clear that a reasonable officer would have understood that what Blankenship did violated a constitutional right. *See, e.g., Hutcheson v. Dallas Cnty., Tex.*, No. 3:17-cv-2021-BN, 2020 WL 1692950, at *16 (N.D. Tex. Apr. 7, 2020) ("[A]s the Supreme Court and the Fifth Circuit have 'repeatedly stressed' to lower courts, '[t]he clearly established standard [ ] requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is clear to a reasonable officer that his

conduct was unlawful in the situation he confronted. This requires a high degree of specificity.'" (quoting *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018); internal quotation marks omitted)); *see also Wesby*, 138 S. Ct. At 590 ("[C]ourts must not 'define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.'" (citation omitted); *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam)  ("In this case, the Court of Appeals contravened those settled principles. The Court of Appeals should have asked whether clearly established law prohibited the officers from stopping and taking down a man in these circumstances. Instead, the Court of Appeals defined the clearly established right at a high level of generality by saying only that the 'right to be free of excessive force' was clearly established.").

For these reasons, the Court **GRANTS** leave to file the overly-long objections, **OVERRULES** Plaintiff's objections, *see* Dkt. No. 288, and **AFFIRMS** Judge Horan's January 20 order [Dkt. No. 287]. The Court also **DENIES** the motion to stay the deadlines set by January 20 order. *See* Dkt. No. 288.

If Plaintiff needs more time to respond to the motion for summary judgment, he should confer with counsel for Blankenship and then file a motion.

**SO ORDERED.**

**DATE: February 18, 2021.**

*[signature]*
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE