IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ROE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2497-B-BN |
| | § | |
| JOHNSON COUNTY, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO STRIKE

This case, which remains referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle, *see* Dkt. No. 8, has been narrowed down to one defendant, Defendant David Blankenship, who has answered the second amended complaint [Dkt. No. 276] (the SAC) and asserted as an affirmative defense "his entitlement to qualified/official immunity for the allegations made the basis of the [SAC]," *id.* at 23. Blankenship then filed a court-ordered motion for summary judgment on the nominally affirmative defense of qualified immunity. *See* Dkt. Nos. 278-281. And Plaintiff has responded, *see* Dkt. Nos. 295-298, simultaneously filing Roe's Objections to Blankenship's Summary Judgment Evidence, through which, in addition to lodging objections, Plaintiff moves "to strike Blankenship's summary judgment evidence," Dkt. No. 294.

But the Court need not strike the evidence to which Plaintiff has objected, as the undersigned will address what consideration, if any, and what weight, if any, the Court should afford the challenged evidence in the findings, conclusions, and

recommendation as to Blankenship's pending summary judgment motion.

The Court therefore DENIES the motion to strike as submitted but will treat it as objections to be accounted for in the applicable findings, conclusions, and recommendation. *See, e.g.*, *Lewis v. LSG Sky Chefs*, No. 3:14-cv-3107-M-BN, 2016 WL 6902546, at \*5 (N.D. Tex. Oct. 26, 2016), *rec. accepted*, 2016 WL 6905960 (N.D. Tex. Nov. 22, 2016); *cf. SEC v. Faulkner*, No. 3:16-cv-1735-D, 2019 WL 2515000, at \*1 (N.D. Tex. June 18, 2019) ("[A]lthough [Federal Rule of Civil Procedure] 12(f) authorizes the court to 'strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter,' it only applies to pleadings." (citation omitted; collecting cases)).

Accordingly, Blankenship should address the objections in his reply brief. And, to do so, if he needs to file a reply brief exceeding the imposed page limit or needs more time, he should confer with Plaintiff and then file a motion for leave.

SO ORDERED.

DATED: March 1, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE