UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ROE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2497-B |
| | § | |
| JOHNSON COUNTY, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

On July 13, 2021, United States Magistrate Judge David L. Horan entered findings of fact and conclusions and law recommending that the Court grant Defendant David Blankenship's motion for summary judgment on qualified immunity [Dkt. No. 279], grant in part and deny in part Plaintiff's motion for reconsideration [Dkt. No. 302], and enter judgment dismissing this case with prejudice. *See* Dkt. No. 316. Plaintiff objected. *See* Dkt. Nos. 317-1 & 318. And Blankenship and Defendants Jacob Aguilar and Ivan Alvarado responded to the objections. *See* Dkt. Nos. 322 & 323.

Starting with the summary judgment motion, Judge Horan recommended, in sum, that the Court grant Blankenship qualified immunity—and therefore dismiss the remaining claims against him—because Plaintiff failed to carry his burden as to the clearly-established prong of the analysis by "neither identif[ying] a case or body of relevant case law in which a public official under circumstances similar to those here was found to have violated the Constitution" nor "carry[ing] the 'sky high' burden to show that analogous case law is not necessary because this case presents "'extreme circumstances'" where the constitutional violation is "obvious."'" Dkt. No. 279 at 14 (quoting *Joseph v. Bartlett*, 981 F.3d 319, 338 (5th Cir. 2020), then *Cope v. Cogdill*, 3 F.4th 198, 206 (5th Cir. 2021) (quoting, in turn, *Taylor v. Riojas*, 141 S. Ct. 52, 53-54 (2020) (per curiam))).

The Court agrees with this conclusion.

But Plaintiff objects, arguing that Judge Horan should have analyzed the claim against Blankenship under *Malley v. Briggs*, 475 U.S. 335 (1986). *See* Dkt. No. 317-1 at 6-12 (further citing cases in the arrest-warrant context). To begin, insofar as Plaintiff believes that this Court has found that he has alleged a claim analogous to *Malley*, *see* Dkt. No. 317-1 at 6, he is mistaken. The language that Plaintiff relies on from the Court's September 15, 2020 memorandum opinion and order is taken out of context.

And, insofar as Plaintiff believes that, in addressing the summary judgment motion, Judge Horan was somehow obligated to analyze Plaintiff's claims a certain way, he is again mistaken, as it was his burden (not Judge Horan's) to show that Blankenship is not entitled to qualified immunity. *See, e.g.*, *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021) ("The defense of qualified immunity 'alters the usual summary judgment burden of proof.' Once a defendant properly raises the defense, the burden shifts to the plaintiff to demonstrate that the defendant is not entitled to the defense's protection." (citations omitted)). A plaintiff may only carry this burden by satisfying the clearly-established prong of the analysis. For the reasons set out by Judge Horan, Plaintiff has not.

Further, to the extent that Plaintiff now argues that the law is clearly established because he is asserting a Fourth Amendment violation based on *Malley*, Plaintiff failed to raise this argument (or even cite *Malley* or its progeny) in his response to the motion for summary judgment on qualified immunity. *See* Dkt. No. 295-1. So, because this argument was never presented to Judge Horan, Plaintiff has waived it.

Under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), an objecting party may submit additional evidence that a district judge may then elect to consider. *See, e.g.*, *Davis*

*v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015); *see also Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) ("[I]t is clear that the district court has wide discretion to consider and reconsider the magistrate judge's recommendation. In the course of performing its open-ended review, the district court need not reject newly-proffered evidence simply because it was not presented to the magistrate judge. Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence.").

But "a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman*, 142 F.3d at 851 (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994)).

Any contentions that Plaintiff may now make as to qualified immunity's clearly-established prong are legal arguments, not evidence. As the Court has explained to Plaintiff, he "must demonstrate that [Blankenship] is not entitled to qualified immunity by establishing two prongs—one factual, 'whether the facts, taken in the light most favorable to the plaintiff, show the officer's conduct violated a federal constitutional or statutory right'—and one legal, 'whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident.'" *Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2021 WL 321967, at *1 (N.D. Tex. Feb. 1, 2021) (citations omitted).

Finally as to Plaintiff's *Malley*-based objections, even if Plaintiff had not waived an argument based on *Malley*, *Malley* and its progeny are not authority under which a public official under circumstances similar to Blankenship's here was found to have violated the Constitution.

"In *Malley v. Briggs*, the Supreme Court held that an officer can be held liable for a search authorized by a warrant when the affidavit presented to the magistrate was 'so lacking in indicia of

-3-

probable cause as to render official belief in its existence unreasonable.'" *Mayfield v. Currie*, 976 F.3d 482, 487 (5th Cir. 2020) (quoting *Malley*, 475 U.S. at 344-45). "'The *Malley* wrong is not the presentment of false evidence, but the obvious failure of accurately presented evidence to support the probable cause required for the issuance of a warrant.'" *Id.* (quoting *Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017) (en banc) (citing, in turn, *Michalik v. Hermann*, 422 F.3d 252, 261 (5th Cir. 2005))); *see also Jennings v. Joshua Indep. Sch. Dist.*, 877 F.2d 313, 317 (5th Cir. 1989) ("The question to be asked, under *Malley*, is 'whether a reasonably well-trained officer in petitioner's position would have known that his affidavit failed to establish probable cause and that he should not have applied for a warrant.'" (citation omitted)); *Blake v. Lambert*, 921 F.3d 215, 220 (5th Cir. 2019) ("We hold that Blake established a *Malley* violation at the summary judgment stage. Lambert's affidavit simply identifies Blake, recites the charged offense, and cites the corresponding Mississippi statutes. It does not provide any supporting facts from which a magistrate could independently determine probable cause." (footnote omitted)); *cf. Mayfield*, 976 F.3d at 492 (Willett, J., concurring) ("[W]hile we have held that an officer is not entitled to qualified immunity under *Malley* when the warrant was based solely on a skimpy affidavit, the burden is on the Mayfields to cite a case holding that the Fourth Amendment required the affidavit to establish probable cause on its own, without consideration of other supporting documents. They have not done so." (footnote omitted)).

Here, in contrast to the concerns of *Malley*, Blankenship undertook an investigation of Plaintiff's allegations and determined there was probable cause to arrest Plaintiff (already in custody) for making a false report to a peace officer. And Blankenship drafted a detailed investigation report, not a skimpy affidavit. *See* Dkt. No. 281, Ex. 9 to Blankenship's Decl. So, regardless Plaintiff's opinion of Blankenship's evidence in the report, *Malley* does not clearly establish an alleged wrong

based on Plaintiff's claims against Blankenship.

The Court therefore **OVERRULES** Plaintiff's objections based on *Malley*.

The Court also reviewed the remainder of Plaintiff's objections specific to Judge Horan's recommendations concerning the summary judgment motion. *See* Dkt. No. 317-1. And the Court finds them frivolous for the reasons explained by Judge Horan and in Blankenship's response [Dkt. No. 323]. The Court therefore **OVERRULES** the remainder of Plaintiff's objections concerning qualified immunity.

Plaintiff's objections concerning Judge Horan's recommendation as to the disposition of the motion for reconsideration [Dkt. No. 318] are similarly frivolous and are also **OVERRULED** in their entirety.

In sum, the Court, having reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and having reviewed the remaining proposed findings, conclusions, and recommendation for plain error, and finding none, **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 316].

Therefore, the Court **GRANTS** Defendant David Blankenship's motion for summary judgment on qualified immunity [Dkt. No. 279]; the Court **GRANTS IN PART** Plaintiff's motion for reconsideration [Dkt. No. 302] to the extent that the Court **VACATES** its prior dismissal of Plaintiff's claims against Defendants Jacob Aguilar and Ivan Alvarado through the application of the FTCA's judgment bar, 28 U.S.C. § 2676, and now **DISMISSES** those claims **WITH PREJUDICE** because Plaintiff has not shown that *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), should be extended to the context of this case; and the Court

**DENIES** Plaintiff's motion for reconsideration otherwise.

Consistent with this memorandum opinion and order, the Court will enter a separate judgment **DISMISSING** this case **WITH PREJUDICE**.

**SO ORDERED.**

**DATE: August 27, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE