# United States Court of Appeals
# for the Fifth Circuit

No. 21-10890
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
January 5, 2023
Lyle W. Cayce
Clerk

John Roe,

*Plaintiff—Appellant*,

*versus*

Johnson County; Southwestern Correctional, L.L.C., *doing business as* LaSalle Corrections, L.L.C., *doing business as* LaSalle Southwest Corrections; LaSalle Management Company, L.L.C.; David Blankenship, *Johnson County Peace Officer*; Bill Moore; Stu Madison, *Assistant Johnson County Attorney*; Jeffrey Acklen, *Johnson County Attorney's Investigator*; Eddie Williams; Philip Roden; Robert Matson; Adam King, *Sheriff*; Bob Alford, *former Johnson County Sheriff, Individually & Officially*; United States of America,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2497

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

John Roe brought various constitutional claims, *Bivens* claims, and state law claims related to his arrest for allegedly filing a false sexual assault report. The district court dismissed all but one of Roe's claims and later granted Defendants-Appellees' motion for summary judgment on the remaining claim. Roe appeals. We affirm.

## I.

In November 2015, John Roe was in Immigration and Customs Enforcement custody in Texas at the Johnson County jail. He alleged that Defendant-Appellee Roden, a corrections officer, sexually assaulted Roe with his gun. Defendant-Appellee Blankenship interviewed Roe about his assault and conducted an investigation. During this investigation, Blankenship found inconsistencies in Roe's allegations and identified concerns about his behavior. Blankenship concluded that probable cause existed to arrest Roe for making a false report to a peace officer, a misdemeanor under Texas Penal Code § 37.08. Blankenship arrested Roe and forwarded the case to the County Attorney's Office of Johnson County. In May 2018, Roe was found not guilty after a jury trial.

Proceeding *pro se*, Roe sued Blankenship, Roden, other prison officials, state officials, prosecutors, entities operating the Johnson County jail, and other individuals. He brought claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights under the First Amendment, Fourth Amendment, Fifth Amendment, Sixth Amendment, and Fourteenth Amendment; he also brought claims pursuant to 42 U.S.C. §§ 1981 and 1985(3) and 28 U.S.C. § 1350, *Bivens* claims, and state law claims. In September 2020, the district court granted motions to dismiss filed by various Defendants-Appellees; the only claim surviving these motions was a

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-10890

Fourth Amendment claim against Blankenship related to the alleged seizure of Roe without probable cause. In August 2021, the district court granted Blankenship's motion for summary judgment based on his defense of qualified immunity. Roe appeals.

## II.

Roe challenges the district court's grant of summary judgment in favor of Blankenship based on qualified immunity. We review a grant of summary judgment based on qualified immunity *de novo*. *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011). Summary judgment is proper if the pleadings and discovery on file, together with affidavits, show no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We liberally construe briefs of *pro se* litigants. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

To determine whether a defendant is entitled to qualified immunity, we ask "(1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 755 (5th Cir. 2001) (quoting *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998) (en banc)). We may "analyze the prongs in either order or resolve the case on a single prong." *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020).

Roe has the burden of showing that the qualified immunity defense is unavailable to Blankenship because Blankenship made a good-faith assertion of that defense. *Joseph v. Bartlett*, 981 F.3d 319, 329–30 (5th Cir. 2020). Roe must thus "show that there is a genuine dispute of material fact and that a jury could return a verdict entitling the plaintiff to relief for a constitutional

No. 21-10890

injury." *Id.* at 330. And "the plaintiff's version of those disputed facts must also constitute a violation of clearly established law," meaning that Roe must "identify a case—usually, a body of relevant case law—in which an officer acting under similar circumstances . . . was held to have violated the [Constitution]." *Id.* (alteration in original) (internal quotations omitted). We need not accept Roe's version of the facts as true when they are "blatantly contradicted by the record, so that no reasonable jury could believe it." *Id.* at 325 (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

We assume *arguendo* that Roe successfully alleged violations of clearly established Fourth Amendment constitutional rights protecting against (1) an arrest not supported by probable cause and (2) the initiation of criminal charges without probable cause. Even under this assumption, we hold that Blankenship can successfully claim that he is entitled to qualified immunity because Roe fails to identify analogous caselaw that is sufficient to show that Blankenship violated clearly established law.[1]

To meet his burden, Roe must identify a case or statute making sufficiently clear that every reasonable officer would have understood that what Blankenship did violated that law. *Keller v. Fleming*, 952 F.3d 216, 225 (5th Cir. 2020). Specifically, Roe must identify clearly established law making it sufficiently clear that despite his consideration of Roe's inconsistent statements, extrinsic evidence, and witness testimony suggesting that Roe was not being truthful in his sexual assault claim, Blankenship did not have probable cause to arrest Roe.

---

[1] Roe does not meet the "sky high" burden to show that analogous case law is not necessary because this case presents the extreme circumstance of an obvious constitutional violation. *Joseph*, 981 F.3d at 338.

No. 21-10890

Roe does not identify that Blankenship violated clearly established law with these actions. Although he correctly notes that he does not need to identify relevant caselaw that is directly on point, the cases he cites only announce general propositions about, *e.g.*, the Fourth Amendment's protections against searches without probable cause. This is insufficient to meet the required burden. *Joseph*, 981 F.3d at 329.[2]

### III.

Roe also argues that the district court erroneously dismissed his official capacity claims against Blankenship. Roe argues that Blankenship was responsible for overseeing the day-to-day operation of the Johnson County jail, which gave him final policymaking authority as to the jail. Roe thus attempts to establish county liability based on an alleged unconstitutional action taken by Blankenship alone, as the final policymaker.

We review a dismissal for failure to state a claim under Rule 12(b)(6) *de novo*. *Whitaker v. Collier*, 862 F.3d 490, 496–97 (5th Cir. 2017). We accept all well-pleaded facts as true and must view those facts in a light most favorable to the plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). However, only facts set forth in the pleadings are considered; unsupported conclusions and conclusory allegations are not considered in this assessment. *Id.*

"Under Texas law, sheriffs are 'final policymakers' in the area of law enforcement for the purposes of holding a county liable under § 1983." *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Williams v.*

---

[2] Roe raises other arguments outlining various factual disputes concerning the summary judgment evidence. None of these disputes affect the reasonableness of Blankenship's decision after evaluating the totality of the evidence in identifying probable cause, and Roe's conclusory arguments do not rectify his failure to identify that Blankenship's actions were a violation of clearly established law.

No. 21-10890

*Kaufman Cnty.*, 352 F.3d 994, 1013 (5th Cir. 2003)). And the Texas Local Government Code allows the county sheriff to appoint a jailer to "operate the jail and meet the needs of the prisoners, but the sheriff shall continue to exercise supervision and control over the jail." TEX. LOC. GOV'T CODE ANN. § 351.041.

Roe misunderstands the point that "[t]here is a fundamental difference between decision makers and policymakers," such that "[d]iscretion to exercise a particular function does not necessarily entail final policymaking authority over that function." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 246 (5th Cir. 2021) (per curiam) (quoting *Bolton v. City of Dallas*, 541 F.3d 545, 548–49 (5th Cir. 2008) (per curiam)). None of his citations to the record nor his arguments on appeal point to the contrary conclusion that Blankenship could be considered a final policymaker based only on his ability to make decisions.[3] As such, the district court correctly dismissed Roe's official capacity claims.

Finally, we briefly address other arguments made by Roe in briefing. Roe's civil conspiracy allegations are unsupported by the record and were thus correctly dismissed on summary judgment. *See Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019) (per curiam) ("Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983."). Roe's fabrication of evidence claim fails because he offers no

---

[3] Roe analogizes his case to *Paz v. Weir*, 137 F. Supp. 2d 782 (S.D. Tex. 2001). There, the court found that there was a jail "custom" of allowing misconduct and denied summary judgment because of factual issues as to whether the county and the jail administrator displayed deliberate indifference to reports of misconduct and as to whether said alleged indifference was the "moving force" behind misconduct related to the plaintiff. *Id.* at 815–16. Roe does not adequately argue that such a custom or deliberate indifference is present here, and *Paz* is thus inapposite.

No. 21-10890

material facts showing that any pretrial deprivations of his liberty were caused by Blankenship's alleged malfeasance in fabricating evidence. *See McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) (requiring plaintiff to show that the deprivations of his liberty were caused by defendant's malfeasance in fabricating evidence). Roe's collateral estoppel claim fails because his argument that the district court found no probable cause mischaracterizes the district court's ruling that an affidavit did not establish probable cause. Finally, Roe's argument that the district court should have retained jurisdiction over the remaining state law claims fails because he does not show why the district court should have deviated from the general rule of declining to exercise jurisdiction over remaining state-law claims[4] when all federal-law claims are eliminated before trial. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).[5]

## IV.

For the foregoing reasons, we AFFIRM.

---

[4] For clarity, this includes the indemnity claim against Defendants-Appellees Southwestern Correctional, L.L.C. and LaSalle Management Company, L.L.C.

[5] Roe's remaining arguments are inadequately briefed and thus abandoned. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.").